Dale R. Cockrell
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
145 Commons Loop, Suite 200
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile:  (406) 756-6522
Email:  dcockrell@mcgalaw.com

*Attorney for Defendant Felder & Company, LLC*
*d/b/a Stillwater Fish House*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROCHDALE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>SKYLAR DIXON and FELDER & COMPANY, LLC, d/b/a STILLWATER FISH HOUSE,<br><br>      Defendants. | CV 19-68-M-DWM<br><br>**FELDER & COMPANY d/b/a STILLWATER FISH HOUSE'S PRELIMINARY PRETRIAL STATEMENT** |

Pursuant to the Court's July 17, 2019 *Order* (Doc. 12) and L.R. 16.2(b)(1), Defendant Felder & Company d/b/a Stillwater Fish House ("Felder") submits its Preliminary Pretrial Statement as follows:

**I.     BRIEF FACTUAL OUTLINE OF THE CASE (RULE 16.2(b)(1)(A))**

In August, 2014, Skylar Dixon ("Dixon"), a passenger in a vehicle driven by Noah Gillund ("Gillund), was involved in an automobile accident near Whitefish, Montana.  Dixon and Gillund were both employed by Felder. The accident occurred just a few minutes after Gillund and Dixon had clocked out from their shifts at Felder.  Dixon was severely injured in the accident. Dixon had multiple surgeries and ultimately lost a part of one leg.

Following the accident, Dixon filed a workers' compensation claim against Felder. Rochdale, who had provided Felder with a Workers Compensation and Employers Liability Policy ("Rochdale Policy"), denied the claim. Subsequently, in August, 2015, the Montana Department of Labor & Industry – Employment Relations Division ("DLI") mediated Dixon's workers' compensation claim against Felder. At the conclusion of that mediation, DLI did not recommend Dixon's workers' compensation claim be accepted.

In August, 2017, Dixon filed a *Complaint, Request for Declaratory Judgment, and Demand for Jury Trial* ("Underlying Complaint") against Felder. Felder tendered the Underlying Complaint to both Rochdale and American Hallmark Insurance Company of Texas ("American Hallmark"), pursuant to the Rochdale Policy and a Businessowners Policy American Hallmark issued to Felder. The tender was made through Rochdale's agent, Hub International Mountain States Limited.

American Hallmark responded offering to defend Felder, subject to a reservation of rights on coverage. Rochdale did not respond to the tender.

After written discovery and depositions, Dixon and Felder entered into a General Release and Settlement Agreement, dated December 13, 2018 ("Dixon/Felder Settlement Agreement"), which partially settled Dixon's claims against Felder, reserving only the right to pursue claims against Stillwater Fish as those claims may be covered by the Rochdale Policy.

Subsequent to the Dixon/Felder Settlement Agreement, Rochdale filed its complaint in this matter.

## II. BASIS FOR FEDERAL JURISDICTION AND FOR VENUE IN THE DIVISION (RULE 16.2(b)(1)(B))

The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332, based on diversity jurisdiction. Venue is proper under L.R. 1.2(c)(1) and 28 U.S.C. §§ 1391, 1441(a).

## III. FACTUAL BASIS AND LEGAL THEORY UNDERLYING EACH DEFENSE, INCLUDING, WHERE NECESSARY TO A REASONABLE UNDERSTANDING OF THE DEFENSE, CITATIONS TO AUTHORITY (RULES 16.2(b)(1)(C) and (D))

Felder has filed its answer to Rochdale's Complaint and First Amended Complaint denying that Rochdale is entitled to relief it requests. Felder averred that any coverage is subject to the express terms, limitations, and conditions of the Rochdale policy. The Rochdale Policy provides Employers Liability Insurance for

bodily injury by accident.  None of the exclusions to coverage apply either on their face or because the Policy is ambiguous.  Particularly, the Rochdale Policy does not provide that the bodily injury occur during employment, but rather arise out of and in the course of employment. The essence of the allegations in the Underlying Complaint is that Dixon's injuries arose out of the work and working conditions at Felder due to Felder's negligence.  Additionally, at the time of the accident, Dixon was employed by Felder.

Insurance policies are construed "strictly against the insurer and in favor of the insured."  *Travelers Gas. & Sur.* Co. *v. Ribi Immunochem Research, Inc.,* 2005 MT 50, ¶ 17, 326 Mont. 174, 108 P .3d 469. "[A]ny ambiguity in an insurance policy must be construed against the insurer" and "in favor of ... extending coverage." *Huckins*, ¶ 16; *Newman v. Scottsdale Ins. Co.*, 2013 MT 125, ¶ 41, 370 Mont. 133, 301 P.3d 348 (citing *Wendell v. State Farm Mut. Auto. Ins. Co.*, 1999 MT 17, ¶ 14, 293 Mont. 140, 974 P.2d 623).  "An ambiguity exists when the contract taken as a whole in its wording or phraseology is reasonably subject to two different interpretations." *Huckins*, ¶ 16; *Wendell*, ¶ 14 (citing *Farmers Alliance Mut. Ins. Co. v. Holeman*, 1998 MT 155, ¶ 25, 289 Mont. 312, 961 P.2d 114).

Exclusions in policies "must be narrowly and strictly construed because they 'are contrary to the fundamental protective purpose of an insurance policy.'" *Huckins*, ¶ 16; *Newman*, ¶ 35 (quoting *Farmers Union Mut. Ins. Co. v. Oakland*, 251

Mont. 352, 356, 825 P.2d 554, 554 (1992)).

Under Montana law, the phrase "arise out of" is ambiguous because it is susceptible to more than reasonable interpretation when not defined in an insurance policy. *Pablo v. Moore,* 2000 MT 48, 298 Mont. 393, 995 P.2d 460. For those same reasons, Felder contends the Rochdale Policy is ambiguous.

Similarly, the Rochdale Policy does not define the phrase "in the course of" and that phrase is subject to more than one interpretation, e.g., the employee was physically at the work site when the accident occurred or whether the employee was still employed by the employer. Here, Dixon was still employed by Felder when the accident occurred. Rochdale could have cleared up this ambiguity by using the phrase "in the course and scope of." Thus, Felder contends the Rochdale Policy is ambiguous.

## IV. COMPUTATION OF DAMAGES (RULE 16.2(b)(1)(E))

Felder is not claiming damages in this lawsuit, but does request its attorneys' fees, costs, and other expenses as permitted by law.

## V. PENDENCY OR DISPOSITION OF ANY RELATED STATE OR FEDERAL LITIGATION (RULE 16.2(b)(1)(F))

*Dixon v. Felder,* DV-17-853D, Montana Eleventh Judicial District Court, Flathead County.

## VI. PROPOSED ADDITIONAL STIPULATIONS OF FACT AND GOVERNING LAW (RULE 16.2(b)(1)(G))

Felder does not propose any additional stipulations of fact not included in the Statement of Stipulated Facts. This matter is governed by Montana substantive law.

## VII. PROPOSED DEADLINES RELATING TO JOINDER OF PARTIES OR AMENDMENT OF THE PLEADINGS (RULE 16.2(b)(1)(H))

In their Fed.R.Civ.P. 26(f) Joint Discovery Plan, Doc. 17, the parties identified proposed dates for closing discovery and providing expert reports.

## VIII. IDENTIFICATION OF CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION (RULE 16.2(b)(1)(I))

Whether the Rochdale Policy is ambiguous or on its face covers Dixon's claims against Felder.

## IX. NAME AND CITY AND STATE OF CURRENT RESIDENCE OF EACH INDIVIDUAL KNOWN OR BELIEVED TO HAVE INFORMATION THAT MAY BE USED IN PROVING OR DENYING ANY PARTY'S CLAIMS OR DEFENSES, AND A SUMMARY OF THAT INFORMATION (RULE 16.2(b)(1)(J))

The following individuals are believed to have discoverable information that Felder may use to support its defenses in this matter:

1. Jesse Felder, Owner
   Felder & Company, LLC d/b/a
   Stillwater Fish House
   140 Augusta Vin Ln.
   Fredricksburg, TX  78624
   Telephone: (406) 249-8672
   c/o Dale R. Cockrell

Mr. Felder has knowledge concerning the hiring and employment policies of the company, hours worked by Plaintiff, and Plaintiff's work the night before the accident.

2. Adrienne Felder, Spouse, Former Bookkeeper at Felder
   140 Augusta Vin Ln.
   Fredricksburg, TX  78624
   Telephone:  (406) 871-1314
   c/o Dale R. Cockrell

   Ms. Felder has knowledge concerning payroll for the company and thus, hours worked by employees.

3. Marco Aguiar

   Mr. Aguiar was a server employed by Felder until Felder closed the restaurant.  Mr. Aguiar was also employed with Defendant in August, 2014.

4. Daynn Dowell

   Ms. Dowell was a server employed by Felder until Felder closed the restaurant.  Ms. Dowell was also employed with Defendant in August, 2014.

5. Kyle Craig

   Mr. Craig worked in the kitchen area employed by Felder until Felder closed the restaurant.  Mr. Craig was also employed with Defendant in August, 2014.

6. Skylar Dixon

   Mr. Dixon is the plaintiff in the underlying matter, Craig worked in the kitchen area employed by Felder until Felder closed the restaurant.  Mr. Craig was also employed with Defendant in August, 2014.

X. **SUBSTANCE OF ANY INSURANCE AGREEMENT THAT MAY COVER ANY RESULTING JUDGMENT (RULE 16.2(b)(1)(K))**

   The Rochdale Policy.

XI.  **STATUS OF ANY SETTLEMENT DISCUSSIONS AND PROSPECTS FOR COMPROMISE OF THE CASE (RULE 16.2(b)(1)(L))**

The parties have not yet discussed settlement.

XII. **SUITABILITY OF SPECIAL PROCEDURES (RULE 16.2(b)(1)(M))**

Felder believes this matter can be resolved on summary judgment.

Respectfully submitted this 3rd day of September, 2019.

        MOORE, COCKRELL,
        GOICOECHEA & JOHNSON, P.C.


        /s/ Dale R. Cockrell
        Dale R. Cockrell
        145 Commons Loop, Suite 200
        P.O. Box 7370
        Kalispell, Montana 59904-0370
        Email: dcockrell@mcgalaw.com

        *Attorneys for Defendant Felder & Company, LLC d/b/a Stillwater Fish House*

# **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true copy of the foregoing document was served upon the following individuals by the means designated below:

[ ] U.S. Mail           Fred Simpson
[ ] Federal Express   CAPP, JENKS & SIMPSON, P.C.
[ ] Hand-Delivery    1821 S. Avenue W., Suite 400
[ ] Facsimile         Missoula, MT  59803
[x] E-Mail           Email: fsimpson@cjs.legal
[x] ECF             *Attorneys for Plaintiff Rochdale Insurance Company*

[ ] U.S. Mail           Kevin M. Lougachi
[ ] Federal Express   KARBAL, COHEN, ECONOMOU, SILK & DUNNE,
[ ] Hand-Delivery    LLC
[ ] Facsimile         150 South Wacker Drive, Suite 1700
[x] E-Mail           Chicago, IL  60606
[x] ECF             Email: klougachi@KARBALLAW.com
                          *Attorneys for Plaintiff Rochdale Insurance Company*

[ ] U.S. Mail           Michael Bliven
[ ] Federal Express   Aaron Brann
[ ] Hand-Delivery    Bliven Law Firm, P.C.
[ ] Facsimile         704 S. Main St.
[x] E-Mail           Kalispell, Montana 59901
[x] ECF             Email:  mbliven@blivenlawfirm.com
                            abrann@blivenlawfirm.com
                          *Attorneys for Defendant Skylar Dixon*

Dated this 3rd day of September, 2019.

                                              /s/ Dale R. Cockrell
                                              dcockrell@mcgalaw.com