IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROCHDALE INSURANCE COMPANY, | CV 19–68–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| SKYLAR DIXON and FELDER & COMPANY, LLC, dba STILLWATER FISH HOUSE, | |
| Defendants. | |

A preliminary pretrial conference in this case was held on September 10,

2019, at the Russell Smith Courthouse in Missoula, Montana.  Plaintiff was

represented by Fred Simpson and Kevin M. Lougachi.  Defendant Skylar Dixon

was represented by Michael A. Bliven and Aaron J. Brann.  Defendant Felder &

Company, LLC dba Stillwater Fish House was represented by Dale R. Cockrell

and Eric Brooks.  After discussion and upon the agreement of the parties, the

following order is entered.

1

**1.  The following schedule will govern all further pretrial proceedings:**

| | |
|---|---|
| Deadline for Amending Pleadings: | November 15, 2019 |
| Disclosure of Plaintiff's<br>Damages Experts and Simultaneous<br>Disclosure of Liability Experts: | March 20, 2020 |
| Disclosure of Defendant's<br>Damages Experts: | April 24, 2020 |
| Discovery Deadline: | May 29, 2020 |
| Motions Deadline (including<br>motions *in limine*) (fully briefed): | June 15, 2020 |
| Attorney Conference to Prepare<br>Final Pretrial Order: | week of August 24, 2020 |
| File Trial Briefs and<br>Proposed Final Pretrial Order,<br>Jury Instructions, Voir Dire Questions,<br>and Verdict Forms and e-mail to<br>dwm_propord@mtd.uscourts.gov<br>(Trial Briefs are optional): | September 2, 2020 |
| Notice to Court Reporter of<br>Intent to Use Real-Time: | September 2, 2020 |
| Notice to I.T. Supervisor of<br>Intent to Use Electronic Exhibits or<br>Videoconferencing: | September 2, 2020 |
| Final Pretrial Conference: | September 9, 2020, at 2:30 p.m.<br>Missoula, Montana |

Jury Trial (7-member jury):               September 14, 2020, at 9:00 a.m.[1]
                                          Russell Smith Courthouse
                                          Missoula, Montana

**The Court will not continue the above deadlines absent compelling reasons.**
**The parties may stipulate to the extension of any of the above deadlines that**
**precede the motions deadline.  The parties need not inform the Court of such**
**stipulations, and the Court will not issue an order to confirm or adopt such**
**stipulations.  Parties seeking a continuance of the motions deadline or any**
**subsequent deadline must file a motion with the Court.  Such motions will not**
**be granted absent compelling reasons, which do not include delay attributable**
**to the parties' stipulated extensions.**

**IT IS FURTHER ORDERED:**

**2.  Local Rules and Electronic Filing.**  Parties are advised that revised Local
Rules for the District of Montana became effective February 1, 2019, and apply in
all cases pending when changes become effective.  In addition, all counsel must
register and file electronically unless good cause can be shown.  Fed. R. Civ. P.
5(d)(3)(A).  Further information is available on the Court's website,
www.mtd.uscourts.gov, or from the Clerk's Office.  *See also* L.R. 1.4.

---

[1]  Pursuant to 18 U.S.C. § 3161(h) and Federal Rule of Criminal Procedure 50,
criminal matters take priority over civil matters in the event of a conflict.
Accordingly, all civil trial settings are subject to the Court's criminal calendar.

3

**3.  Stipulations.**  Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the following facts are admitted and agreed upon:

a.      Rochdale is an insurance company incorporated under the laws of New York with its principal place of business in New York.

b.      Dixon is a Montana citizen with his principal residence in Whitefish, Montana.

c.      Felder & Co. is a Montana limited liability company with its principal place of business in Whitefish, Montana.  Jesse Scott Felder is the only member of Felder & Co.  He is a Texas citizen with his principal residence in Texas.

d.      Dixon filed a lawsuit against Felder & Co. in the District Court of Flathead County, Montana, captioned: *Skylar Dixon v. Felder & Company, LLC dba Stillwater Fish House* (the "Underlying Lawsuit").

e.      Dixon is seeking damages in the Underlying Lawsuit in excess of $75,000.

f.      This Court has jurisdiction over this matter under 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between Rochdale, on the one hand, and the Defendants, on the other hand, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

g.      Venue is proper under 28 U.S.C. §1391(1) because one or more Defendants resides in the District of Montana, Missoula Division.  Venue is also proper

under §1391(2) and L.R. 3.2(b) because the events giving rise to this dispute occurred in the District of Montana, Missoula Division.

h.     On August 30, 2014, Dixon was an employee of Felder & Co. and worked at its restaurant in Whitefish, Montana, which was called the "Stillwater Fish House."

i.     On August 30, 2014, Dixon began his work shift at the Stillwater Fish House at 4:00 p.m. in the afternoon.

j.     On August 31, 2014, Dixon punched a timecard and clocked out from his work shift at or around 12:50 a.m.

k.     Noah Gillund ("Gillund") was another Felder employee who worked at the Stillwater Fish House during the same shift as Dixon on August 30–31, 2014.

l.     On August 31, 2014, Gillund punched a timecard and clocked out from his work shift at or around 12:52 a.m.

m.     Based upon information and belief, the parties believe the only people left at the restaurant at 12:52 a.m. on August 31, 2014, were Dixon, Gillund, and an assistant manager.

n.     Based upon information and belief, the parties believe the assistant manager closed the restaurant for the night around 1:00 a.m. on August 31, 2014.

o.    Dixon obtained a ride home from Gillund.  On the way home, Gillund lost

control of his vehicle and an accident occurred.  Dixon was injured in the

accident.

p.    Thereafter, Dixon submitted a workers' compensation claim to Rochdale.

Rochdale denied Dixon's workers' compensation claim.

q.    On August 24, 2015, the Montana Department of Labor & Industry –

Employment Relations Division ("DL&I") held a mediation of Dixon's

workers compensation claim.  The DL&I did not recommend acceptance of

the claim.

r.    Dixon did not petition the Workers Compensation Court to seek review of

the denial of his claim.

s.    On June 21, 2019, Dixon filed a First Amended Complaint in the Underlying

Lawsuit.  [A copy of the First Amended Complaint in the Underlying

Lawsuit is attached to Rochdale's First Amended Complaint as Exhibit 2

(Doc. 13-2).]

t.    Rochdale issued "Felder & Co., LLC DBA: Stillwater Fish House" Workers

Compensation and Employers Liability Policy No. RWC3318979, effective

from March 21, 2014 to March 21, 2015 (the "Policy").  [A copy of the

Policy is attached to Rochdale's First Amended Complaint as Exhibit 3

(Doc. 13-3).]

**4. Cooperation and Proportionality.** The lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1.  Discovery is to be proportional to the reasonable needs of the case.  Fed. R. Civ. P. 26(b)(1).

**5. Discovery Exhibits.**  During discovery, deposition exhibits shall be numbered seriatim.  Numbers used for exhibits during depositions must be used at trial for the same exhibit.  The parties are encouraged to use a numbering system that is consistent with the requirements of the District of Montana's digital Jury Evidence Recording System (JERS), as described in paragraph 20 of this Order.

**6. 30(b)(6) Depositions.**  Prior to any Rule 30(b)(6) deposition, the parties must meet and confer to identify each person the organization will designate to testify and the topic areas that will be addressed.

**7. Foundation & Authenticity of Discovery Items.**  Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery.  However, if counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, prior to the deadline for the close of discovery.  If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of

production.  This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial.  All other objections are reserved for trial.  Failure to comply with this provision constitutes a waiver of any foundation or authenticity objection at trial.

**8.  Supplementation of Discovery Responses.**  Pursuant to Federal Rule of Civil Procedure 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

**9.  Motions to Compel Discovery.**  Prior to filing a motion to compel discovery, counsel must advise the client that the loser will pay the opposing party's associated fees and costs.  *See* Fed. R. Civ. P. 37(a)(5).  Counsel must certify its compliance with this requirement in the motion.  In addition, at the time the motion is fully-briefed, both parties shall file affidavits with the Court detailing their known fees and costs associated with the motion.

**10.  Experts.**  The parties informed the Court that they may engage experts in the following areas:

Plaintiff: none;

Defendants: liability.

Experts, if engaged, must be disclosed in accordance with the time limits set forth in paragraph 1.

**11.  Expert Disclosure.**

(a)     Retained or Specially Employed.

Each party is responsible for ensuring that expert reports for any witness

who is retained or specially employed to provide expert testimony in the case, or

whose duties as an employee of a party involve giving expert testimony, are

complete, comprehensive, accurate, and tailored to the issues on which the expert

is expected to testify.  Expert reports must satisfy the specific requirements of

Federal Rule of Civil Procedure 26(a)(2)(B).

(b)     Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written

report, pursuant to Rule 26(a)(2)(C), a party must still serve a written disclosure,

identifying the evidence and stating:

(i)  the subject matter on which the witness is expected to present

evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii)  a summary of the facts and opinions to which the witness is

expected to testify.

(c)     Objections to the timeliness or sufficiency of a Rule 26(a)(2)

disclosure or report must be filed in the form of a motion within fourteen (14) days

of the disclosure date set forth in paragraph 1, or the objection will be deemed

waived.  An inadequate report or disclosure may result in exclusion of the expert's

opinions at trial even though the expert has been deposed.  In this regard, a treating

physician is not considered a retained expert witness unless the testimony offered

by the treating physician goes beyond care, treatment, and prognosis.  If the

treating physician's testimony goes beyond care, treatment, and prognosis then

there must be full compliance with the disclosure requirements of Federal Rule of

Civil Procedure 26(a)(2)(B).  All other objections to expert testimony may be

lodged according to general motions practice.

**12.  Rebuttal Experts.**  Any evidence intended solely to contradict or rebut

evidence on the same subject matter identified by another party as testimony or

evidence to be offered by a witness who is retained or specially employed to

provide expert testimony in the case or whose duties as an employee of a party in

the case involve giving expert testimony, must be disclosed within thirty (30) days

of the date set forth in paragraph 1 for expert disclosure.  Fed. R. Civ. P.

26(a)(2)(D)(ii).

**13.  Supplementation of Incomplete or Incorrect Expert Reports.**

Supplemental disclosures by a witness who is retained or specially employed to

provide expert testimony in the case or whose duties as an employee of a party in

the case involve giving expert testimony, whose report or deposition is incomplete

or incorrect, through no fault of the proponent or expert witness, must be disclosed

no later than ninety (90) days before the date set for trial set forth in paragraph 1.

**14.  Motions.**  Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), all dispositive motions, discovery motions, and motions in limine shall be fully briefed by the date set forth in paragraph 1.  "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the Court.  **If the parties can reach an agreement concerning the use of certain confidential and financial commercial information there is no need to seek a protective order from this Court.  Unless the parties can show that a negotiated and signed stipulation is insufficient to protect their interests, no order of this Court will be forthcoming concerning protective orders.**

**15.  Unopposed Motions.**  Unopposed motions shall be accompanied by a proposed order, separate from the motion.  The proposed order shall be filed under the heading "Text of Proposed Order" and e-mailed to dwm_propord@mtd.uscourts.gov.  The proposed order shall be a Word document and adhere to the standards set out in Standing Order No. DLC-13.  Failure to comply with this procedure will result in delayed resolution of the unopposed motion.

**16.  Hearings & Oral Arguments.**  Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or hearing.

**17. Number of Jurors and Length of Trial.** Trial of this case shall be conducted in Missoula, Montana, before a jury of seven persons. The parties expect the trial to last three to four days.

**18. Attorney Conference for Trial Preparation.** If the case does not settle, counsel for Plaintiff shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b). The Final Pretrial Order shall comply with the form prescribed by Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(iii) and Local Rule 16.4. Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list. *See generally* Forms D, E, and F, Local Rules Appendix C.

**19. Trial Exhibits.**

(a)     Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference. Counsel must provide a binder of paper copies of the exhibits at the time of the Final Pretrial Conference to the Court, and also to opposing counsel, if requested. The binders must bear an extended tab showing the number of the exhibit. An electronic copy of the exhibits shall be provided to the Court's

courtroom deputy at the time of the Final Pretrial Conference in a format compatible with JERS as provided in paragraph 20 of this Order.

(b)     Each exhibit must show the number of the exhibit. The exhibit list must identify those exhibits the party expects to offer and those the party may offer.  Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(c)     Exhibits shall be numbered in a manner that is consistent with paragraphs 5 and 20 of this Order.  The parties shall not use the same range of exhibit numbers.  Exhibits shall not be duplicated.  An exhibit may be used by either of the parties.

(d)     <u>Failure to comply with (a) through (c) above may result in the exclusion of an exhibit at trial.</u>

**20.  Jury Evidence Recording System (JERS).**  The parties shall be prepared to use the Jury Evidence Recording System (JERS).  JERS is available through the Court.  It allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations.  Detailed information about how to use JERS, including contact information for District personnel who can explain further, is found on the Court's website, www.mtd.uscourts.gov, under the heading "Attorneys."

**21.  Final Pretrial Order.**  The parties shall file the proposed Final Pretrial Order and e-mail a copy in Word format to dwm_propord@mtd.uscourts.gov by the date

13

indicated in paragraph 1.  Once filed and signed by the Court, the Final Pretrial

Order supersedes all prior pleadings and may not be amended except by leave of

court for good cause shown.

**22.  Final Pretrial Conference.**  Counsel for the parties shall appear before the

Court in chambers at the Russell Smith Courthouse in Missoula, Montana, for the

final pretrial conference on the date and time set forth in paragraph 1.  Each party

should bring Judge Molloy's copy of its trial exhibits if not already delivered to

chambers.

**23.  Trial Briefs.**  Trial briefs are optional but if filed must be received by the

Court by the date indicated in paragraph 1.

**24.  Jury Instructions.**

(a)  The parties shall jointly prepare jury instructions upon which they

agree (proposed joint instructions).  If necessary, each party may also prepare a set

of proposed supplemental instructions if different from the agreed joint

instructions.  **No two instructions shall be submitted with the same number.**

The parties shall also prepare an agreed upon verdict form with the instructions.  If

a verdict form cannot be agreed to, each party shall prepare a separate verdict form

together with a written statement explaining why they do not agree on a joint

verdict form.

(b)     <u>Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict</u>
<u>Form</u>: By the date set forth in paragraph 1, any party filing electronically or, if no
party is filing electronically, Plaintiff's counsel shall (1) file one working copy of
the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-
mail the same documents, plus a clean copy of each, in Word format to
dwm_propord@mtd.uscourts.gov.  If the documents are filed conventionally, the
filing party must deliver them to the Clerk of Court in the Division of venue.

(c)     <u>Electronic Filers' Supplemental Proposed Jury Instructions and</u>
<u>Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1)
file one working copy of its supplemental proposed Jury Instructions, together with
its proposed verdict form if the parties do not jointly propose one; and (2) e-mail
the same documents, plus a clean copy of each, in Word format to
dwm_propord@mtd.uscourts.gov.

(d)     <u>Conventional Filers' Supplemental Proposed Jury Instructions and</u>
<u>Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1)
deliver to the Clerk of Court in the Division of venue one working copy of its
supplemental proposed Jury Instructions, together with its proposed verdict form if
the parties do not jointly propose one; and (2) e-mail the same documents, plus a
clean copy of each, in Word format to dwm_propord@mtd.uscourts.gov.

**25.  Format of Jury Instructions.**

    (a)    The <u>clean copy</u> shall contain:

        (i)  a heading reading "Instruction No. ___"; and

        (ii)  the text of the instruction.

    (b)    The <u>working copy</u> shall contain:

        (i)  a heading reading "Instruction No. ___";

        (ii)  the text of the instruction;

        (iii)  the number of the proposed instruction;

        (iv)  the legal authority for the instruction; and

        (v)  the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

    (c)    Jury instructions shall be prepared in 14-point Times New Roman font.

**26.  Settling of Instructions.**  The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

**27.  Calling Witnesses at Trial.**  When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document, *see* Form I, Local Rules Appendix C, providing the following information about the witness:

16

i) the full name and current address of the witness;

ii) a brief description of the nature and substance of the witness's testimony;

iii) date witness was deposed or statement taken; and

iv) a listing of each exhibit to which the witness may refer during direct examination.

DATED this 10th day of September, 2019.

Donald W. Molloy, District Judge
United States District Court