

# EFFECTIVE  CLAIMS  MANAGEMENT, INC.

June 7, 2018

Return Receipt Requested # 7016 2140 0000 7668 7281
Regular Mail

Felder & Company, LLC, dba Stillwater Fish House
Attn:  Jesse Feldon
2635 Hwy 93 W.
Whitefish, MT 59937

RE:     *Skylar Dixon v. Felder & Company LLC, d/b/a Stillwater Fish House*
   Claim No.:  4475MT062604
   Insured:   Stillwater Fish House
   Policy No.:  44-PB-473296-02
   MDS File:  14076/18

Dear Mr. Jesse Feldon:

American Hallmark Insurance Company of Texas ("Hallmark") provided Felder & Company, LLC, d/b/a Stillwater Fish House ("SFH") with coverage under commercial advantage policy number 44-PB-473296-02 issued to SFH for the period February 10, 2014 to February 10, 2015 ("Policy"). Coverage is subject to the terms and conditions of the Policy.

We are in receipt of the Complaint by Skylar Dixon ("Dixon") against SFH in the matter of *Skylar Dixon v. Felder & Company LLC, d/b/a Stillwater Fish House*, Montana Eleventh Judicial District Court, Flathead County, Montana, Cause No. DV-17-853D.

Hallmark provided the SFH with a Commercial Advantage Policy under Policy 44-PB-473296-02 with an effective date from 2/10/14 to 2/10/15 ("Effective Date"), subject to the terms and conditions of the referenced Policy.

After reviewing the Complaint and the Policy, we have determined there are questions as to whether Hallmark is obligated under the Policy to defend or indemnify SFH for the allegations in the Complaint. These questions are further explained in Sections III and IV below. Hallmark will agree to participate in SFH's defense; however, Hallmark specifically reserves its rights with respect to coverage and defense issues as addressed further below.

**<u>Hallmark expressly reserves its rights with respect to each of the following questions concerning its duties and obligations under the Policy:</u>**

2
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

1. Whether some or all of the damages alleged in the Complaint were the result of "bodily injury" or "property damage" caused by an "occurrence"; "personal and advertising injury" caused by an "offense"; or a **Claim** because of an **Insured Event**" as those terms are defined in the Policy.

2. Whether the following policy provisions preclude coverage:

I. <u>THE POLICY</u>

**COMMERCIAL ADVANTAGE POLICY**

Policy Number:  44-PB-473296-02/000
Policy Period:  2/10/2014 to 2/10/2015
Named Insured:  Felder & Company, LLC d/b/a Stillwater Fish House

Limits of Coverage:  Business Liability & Medical Expenses  $1,000,000
each occurrence

Medical Expenses  $5,000
each person

**SECTION II - LIABILITY**

**A.    Coverages**

**1.    Business Liability**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Paragraph **D. Liability And Medical Expenses Limits Of Insurance** in **Section II – Liability**; and

3
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

**(2)**   Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f. Coverage Extension – Supplementary Payments**.

**b.**   This insurance applies:

**(1)**   to "bodily injury" and "property damage" only if:

**(a)**   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(b)**   The "bodily injury" or "property damage" occurs during the policy period; and

**(c)**   Prior to the policy period, no insured listed under Paragraph **C.1. Who Is An Insured** and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

**(2)**   To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

**c.**   "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **C.1. Who Is An Insured**, or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

4
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

    d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **C.1. Who Is An Insured** or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

        **(1)**    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

        **(2)**    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

        **(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

    e.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

*   *   *

    g.    **Additional Coverage – Non-Owned Auto Liability**

        The insurance provided under **A.1. Business Liability**, Paragraphs **a.** through **f.** applies to "bodily injury" or "property damage" arising out of the use of a "non-owned auto" by any person in the course of your business.

        The insurance provided under **Additional Coverage – Non-Owned Auto Liability** is excess over any primary insurance covering the "non-owned auto".

**2.**    **Medical Expenses**

    a.    We will pay medical expenses as described below for "bodily injury" caused by an accident:

*   *   *

        **(3)**    Because of your operations;

    provided that:

        **(4)**    The accident takes place in the "coverage territory" and during the policy period;

5

Felder & Company LLC, dba Stillwater Fish House

June 7, 2018

    **(5)**    The expenses are incurred and reported to us within one year of the date of the accident; and

    **(6)**    The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

**(b)**    We will make these payments regardless of fault.  These payments will not exceed the Limits of Insurance of **SECTION II – Liability**.  We will pay reasonable expenses for:

    **(1)**    First aid administered at the time of an accident;

    **(2)**    Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

    **(3)**    Necessary ambulance, hospital, professional nursing and funeral services.

**B.**    **Exclusions**

**1.**    **Applicable To Business Liability Coverage**

This insurance does not apply to:

**a.**    **Abuse And Molestation**

"Bodily injury", "property damage" or "personal and advertising injury" arising out of:

    **(1)**    The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured; or

    **(2)**    The negligent:

        **(a)**    Employment;

        **(b)**    Investigation;

        **(c)**    Supervision;

        **(d)**    Reporting to the proper authorities, or failure to so report; or

        **(e)**    Retention;

6
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **(1)** above.

We shall not have the duty to defend any claim or "suit" against the insured seeking damages on account of any such "bodily injury", "property damage" or "personal and advertising injury".

For the purposes of this exclusion, abuse means an act which is committed with the intent to cause harm.

\* \* \*

e.   **Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

f.   **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

\* \* \*

(2)   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

\* \* \*

m.   **Employer's Liability**

"Bodily injury" to:

(1)   An "employee" of the insured arising out of and in the course of:

(a)   Employment by the insured; or

(b)   Performing duties related to the conduct of the insured's business; or

(2)   The spouse, child, parent, brother or sister of the "employee" as a consequence of Paragraph **(1)** above.

This Exclusion applies:

7
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

**(3)**   Whether the insured may be liable as an employer or in any other capacity; and

**(4)**   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

**n.**   **Employment-Related Practices**

**(1)**   "Bodily injury" or "personal and advertising injury" to:

   **(a)**   A person arising out of any:

   **(i)**   Refusal to employ that person;

   **(ii)**   Termination of that person's employment; or

   **(iii)**   Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; 'or

   **(c)**   The spouse, child, parent, brother or sister of the "employee" as a consequence of "bodily injury" or "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs **(i)**, **(ii)** or **(iii)** above is directed.

**(2)**   This exclusion applies:

   **(a)**   Whether the insured may be liable as an employer or in any other capacity; and

   **(b)**   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**o.**   **Expected Or Intended Injury**

8
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*    \*    \*

r.     **Personal And Advertising Injury**

"Personal and advertising injury":

(1)     Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

(2)     Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(3)     Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

(4)     For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;

(5)     Arising out of breach of contract, except an implied contract to use another's advertising idea in your "advertisement";

\*    \*    \*

However, this exclusion does not apply to Paragraphs **16.a., b.,** and **c.** of "personal and advertising injury" under Paragraph **F. Liability And Medical Expenses Definitions.**

\*    \*    \*

x.     **Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

\*    \*    \*

2.     **Applicable To Non-Owned Auto Liability Coverage**

9
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

With regard to the insurance provided by the **Additional Coverage – Non-Owned Auto Liability** only, all exclusions listed as applicable to Business Liability Coverage are deleted with the exception of exclusions **d. Contractual Liability**; **o. Expected Or Intended Injury**; **s. Pollution**; **w. War**; **x. Workers' Compensation And Similar Laws**; and the Nuclear Energy Liability Exclusion.

The following are added:

a.      "Bodily injury" to:

   (1)    An "employee" of the insured arising out of and in the course of:

      (a)    Employment by the insured; or

      (b)    Performing duties related to the conduct of the insured's business; or

   (2)    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

b.      This exclusion **a.** applies:

   (1)    Whether the insured may be liable as an employer or in any other capacity; and

   (2)    To any obligation to share damages with or repay someone else who must pay damages because of injury.

c.      This exclusion **a.** does not apply to:

   (1)    Liability assumed by the insured under an "insured contract"; or

   (2)    "Bodily injury" to domestic "employees" not entitled to workers' compensation benefits.

d.      "Property damage" to:

   (1)    Property owned or being transported by, or rented or loaned to the insured; or

   (2)    Property in the care, custody or control of the insured.

3.      **Applicable Medical Expenses Coverage**

We will not pay expenses for "bodily injury":

10
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

     **a.**     To any insured except "volunteer workers".

     **b.**     To a person hired to do work for or on behalf of any insured or a tenant of any insured.

                         \*   \*   \*

     **d.**     To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

                         \*   \*   \*

     **g.**     Excluded under Business Liability Coverage.

                         \*   \*   \*

**C.**     **Who Is An Insured**

     **1.**     If you are designated in the Declarations as:

                         \*   \*   \*

     **c.**     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

                         \*   \*   \*

     **2.**     Each of the following is also an insured:

     **a.**     Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than your "executive officers" (if you are an organization other that a partnership, joint venture or a limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

          **(1)**     "Bodily injury" or "personal and advertising injury":

               **(a)**     To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability

11

Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

company) or to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business or to the spouse, child, parent, brother or sister of that co-"employee" as a consequence of such "bodily injury" or "personal and advertising injury", or for any obligation to share damages with or repay someone else who must pay damages because of the injury;

**(b)**   To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of Paragraph **(a)** above;

**(c)**   For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph **(a)** or **(b)**; or

\*   \*   \*

**(2)**   "Property damage" to property:

**(a)**   Owned, occupied or used by,

**(b)**   Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

**3.**   With regard to the insurance provided under **Additional Coverage - Non-Owned Auto Liability**, Paragraphs **1.** and **2.** above are replaced by the following:

**a.**   Each of the following is an insured to the extent set forth below:

**(1)**   You;

\*   \*   \*

**(3)**   Any "employee" of yours, but only while such "non-owned auto" is being used in your business; and

12
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

        **(4)**     Any other person or organization, but only for their liability because of acts or omissions of an insured under **(1)**, **(2)** or **(3)** above.

  **b.**    None of the following is an insured:

        **(1)**     Any person engaged in the business of his or her employer for "bodily injury" to any co-"employee" of such person injured in the course of employment, or to the spouse, child, parent, brother or sister of that co-"employee" as a consequence of such "bodily injury", or for any obligation to share damages with or repay someone else who must pay damages because of the injury;

            *   *   *

        **(4)**     The owner of a "non-owned auto" or any agent or "employee" of any such owner or lessee; or

            *   *   *

**D.**    **Liability And Medical Expenses Limits Of Insurance**

  **1.**    The Limits of Insurance of **SECTION II - LIABILITY** shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

    **a.**    Insureds;

    **b.**    Claims made or "suits" brought; or

    **c.**    Persons or organizations making claims or bringing "suits".

  **2.**    The most we will pay for the sum of all damages because of all:

    **a.**    "Bodily injury", "property damage" and medical expenses arising out of any one "occurrence"; and

    **b.**    "Personal and advertising injury" sustained by any one person or organization; is the Liability and Medical Expenses limit shown in the Declarations. But the most we will pay for all medical expenses because of "bodily injury" sustained by any one person is the Medical Expenses limit shown in the Declarations.

            *   *   *

**F.**    **Liability and Medical Expenses Definitions**

13

Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

**2.**   "Auto" means:

    a.   A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

    b.   Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance or motor vehicle registration law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

\*   \*   \*

**4.**   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**5.**   "Coverage Territory" means:

    a.   The United States of America (including its territories and possessions), Puerto Rico, and Canada;

\*   \*   \*

**6.**   "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\*   \*   \*

**11.**   "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\*   \*   \*

**14.**   "Non-Owned Auto" means any "auto" you do not own, lease, hire, rent or borrow which is used in connection with your business. This includes "autos" owned by your "employees", your partners or your "executive officers", or members of their households, but only while used in your business or your personal affairs.

**15.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**16.**   "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

14
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

\*   \*   \*

    d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

\*   \*   \*

19.    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

\*   \*   \*

20.    "Suit" means a civil proceeding in which damage because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies is alleged. . . .

\*   \*   \*

**SECTION III – COMMON POLICY CONDITIONS**
**(APPLICABLE TO SECTION I – PROPERTY AND SECTION II – LIABILITY)**

\*   \*   \*

**H.**    **Other Insurance**

    1.    If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance of **SECTION I - PROPERTY**.

    2.    Business Liability Coverage is excess over:

        a.    Any other insurance that insures for direct physical loss or damage; or

        b.    Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

15
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

    3.      When this insurance is excess, we will have no duty under Business Liability Coverage to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so; but we will be entitled to the insured's right against all those other insurers.

*   *   *

**MONTANA CHANGES**
**(VERSION CBP 060 07 05)**

This endorsement modifies insurance provided under the following:

    COMMERCIAL ADVANTAGE POLICY COVERAGE FORM

*   *   *

B.    Paragraph A.2.b. Medical Expenses in Section II - Liability is replaced by the following:

    2.    Medical Expenses

        b.    We will make these payments regardless of fault. These payments will not exceed the Limit of Insurance. We will pay expenses for:

            (1)    First aid administered at the time of an accident;

            (2)    Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

            **(3)**    Necessary ambulance, hospital, professional nursing and funeral services.

*   *   *

**EPL002: EMPLOYMENT PRACTICES LIABILITY INSURANCE COVERAGE PART**
**CLAIMS FIRST MADE AND REPORTED SCHEDULE – STANDARD**

4.    LIMITS OF INSURANCE (INCLUDES COST OF DEFENSE):
    a)    Each Insured Event Limit             $100,000
    b)    Aggregate LIMITS OF INSURANCE    $100,000

5.    SELF INSURED RETENTION (INCLUDES COST OF DEFENSE):
    Any One Insured Event               $2,500

16
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

6.     PRIOR KNOWLEDGE DATE:     02-10-2013

7.     RETROACTIVE DATE:          02-10-2013 at 12:01 AM

                    *     *     *

**EMPLOYMENT PRACTICES LIABILITY INSURANCE COVERAGE PART CLAIMS FIRST MADE AND
REPORTED – STANDARD**

**NOTICE: This Coverage is Provided on a Claims Made and Reported Basis**. Except to such extent as
may otherwise be provided herein, the coverage afforded under this coverage part is limited to
liability for only those covered **"Claims"** that are first made against an **Insured** and reported to us in
accordance with the **Duties in the Event of a Claim** and **Report of a Potential Claim** provisions set
forth below. **LIMITS OF INSURANCE** shall be reduced and may be completely exhausted by
payment of **"Defense Costs"**. The Underwriters shall not be liable for any **"Defense Costs"** or for
any judgment or settlement once the **LIMITS OF INSURANCE** are exhausted by **"Defense Costs"** or
otherwise. Please review the coverage afforded under this coverage part carefully and discuss the
coverage hereunder with your insurance agent or broker.

                    *     *     *

Throughout this coverage part the words **"you"** and **"your"** refer to the **Named Insured** shown in
the Schedule.

Under this coverage part the words **"we"**, **"us"** and **"our"** refer to the Underwriters providing this
insurance.

The word **"Insured"** means any person or organization qualifying as such under **WHO IS INSURED**.

Other words and phrases that appear in quotation marks have special meaning. Refer to **SECTION
V. - DEFINITIONS**.

**READ THIS COVERAGE PART CAREFULLY TO DETERMINE THE EXTENT OF COVERAGE. IMPORTANT:
THIS IS A CLAIMS FIRST MADE AND REPORTED COVERAGE WHICH INCLUDES COSTS OF DEFENSE
WITHIN THE LIMITS OF INSURANCE**.

A.     **SECTION I. - COVERAGES:**

1.     **Insuring Agreement**

       a.     We will pay **"Loss"** amounts that an **Insured** is legally obligated to pay on account of
              a **"Claim"** because of an **"Insured Event"** to which this coverage part applies.

17
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

However, the amount we will pay is limited as described in the **LIMITS OF INSURANCE** and Self Insured Retention sections of this coverage part.

**b.**  This coverage part applies only if:

  **(1)**  A "**Claim**" is first made against an Insured in accordance with **When Coverage is Provided**;

  **(2)**  The "**Claim**" is reported in accordance with **When Coverage is Provided** and **CONDITIONS: 1. Duties in the Event of a Claim**;

  **(3)**  A "**Claim**" is first made against an Insured in accordance with **Where Coverage is Provided**; and

  **(4)**  A "**Claim**" is first made against an **Insured** based upon an "**Insured Event**" that first occurred after the **Retroactive Date** set forth in the Schedule.

*   *   *

**3.**  **When Coverage is Provided**

**a.**  This coverage part applies only to "**Claims**" arising out of an "**Insured Event**" first made or brought during the **Coverage Part Period** and which are reported to us in accordance with the coverage part's notice provisions as set forth in **CONDITIONS: 1. Duties in the Event of a Claim**. "**Claims**" are considered to be first made when it is first served or received by the **Insured**.

**D.**  **SECTION IV. - CONDITIONS:**

We have no duty to provide coverage under this coverage part unless there has been full compliance with all the conditions contained in this coverage part.

**1.**  **Duties in the Event of a Claim**

**a.**  You must see to it that we or our Authorized Representatives, as shown in the Schedule, are notified as soon as practicable but in no event more than thirty days (30) after any **Insured** who is a principal, partner, officer, director, trustee, in house counsel, "**Employee(s)**" within the HR Risk Management department or "**Employee(s)**" with personnel and risk management responsibilities, becomes aware that a "**Claim**" has been made. Your notification should include:

  **(1)**  the identity of the person(s) alleging "**Discrimination**", "**Harassment**", "**Inappropriate Employment Conduct**";

18
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

> **(2)** the identity of any insured(s) who allegedly committed the "**Discrimination**", "**Harassment**", "**Inappropriate Employment Conduct**";
>
> **(3)** the identity of any witnesses to the alleged "**Discrimination**", "**Harassment**", "**Inappropriate Employment Conduct**"; and
>
> **(4)** the date(s) an "**Insured Event**" took place.

**b.** You and any other insured must:

> **(1)** Immediately send us or our Authorized Representatives, as shown in the Schedule, copies of any demands, notices, summonses or legal papers received in connection with the "**Claim**";

\* \* \* \*

**2.    Report of a Potential Claim**

Solely at an **Insured's** option, an **Insured** may within the **Coverage Part Period** report an oral complaint by an "**Employee**", former "**Employee**" or applicant for employment alleging the "**Discrimination**", "**Harassment**", "**Inappropriate Employment Conduct**".  If such report is received by us or our Authorized Representatives, as shown in the Schedule, within the **Coverage Part Period** then any "**Claim**" subsequently arising from such oral complaint will be deemed to be made on the date such report was received. Such report must include the identity of the person(s) making the oral complaint. In no event, however, is an **Insured** entitled to coverage under this coverage part based on a "**Laundry List Notification**".

\* \* \*

**E.    SECTION V. - DEFINITIONS:**

**1.** "**Claim(s)**" means a written complaint or written charge made against an **Insured** or a written demand made against an **Insured** in which damages are alleged or where specific charges of "**Discrimination**", "**Harassment**", "**Inappropriate Employment Conduct**" are brought.

"**Claim**" includes a civil action, suit or administrative proceeding, to which any **Insured** must submit or to which any **Insured** submits with our consent.

But "**Claim**" shall not mean any labor or grievance arbitration subject to a collective bargaining agreement; or any complaint, writ or other proceeding in which an **Insured** is alleged to have committed or engaged in a criminal offense or violation of a federal, state or local penal law.

19
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

\*   \*   \*

2.      **Exclusions**

This insurance does not apply to:

a.      **Workers' Compensation I ERISA / FLSA / NRLA / WARN / COBRA / OSHA.** This coverage part does not cover any "**Loss**" arising out of any "**Claim**" alleging violation of any: i) workers' compensation, disability benefits or unemployment compensation law, social security and other employment benefits law; ii) the Employee Retirement Income Security Act of 1974 Public Law 93-406; iii) the Fair Labor Standards Act (except the Equal Pay Act); (iv) the National Labor Relations Act; (v) the Worker Adjustment and Retraining Notification Act; (vi) the Consolidated Omnibus Budget Reconciliation Act of 1985; (vii) the Occupational Safety and Health Act; (viii) any other federal, state or local statute or law similar to any statute or law described in (i) through (vii) of this exclusion; provided, however, this exclusion shall not apply to any "**Claim**" for any actual or alleged retaliatory treatment of the claimant on account of the claimant's exercise of rights pursuant to such statute, law, rule or regulation.

\*   \*   \*

f.      **Fraud and Collusion.** This coverage part does not cover any "**Loss**" based upon, arising out of, directly or indirectly in connection with, related to, or in any way involving any "**Claim**" alleging fraud, collusion, dishonest, criminal or malicious acts by or at the direction of an **Insured**. Without limiting the foregoing, we will pay "**Defense Costs**" incurred relating to allegations of fraud, collusion, dishonest, criminal or malicious acts to defend an innocent **Insured** named in such "**Claim**" so long as such "**Claim**'" also contains allegations against that innocent **Insured** involving an "**Insured Event**" otherwise covered by this coverage part.

\*   \*   \*

3.      "**Discrimination**" means termination of the employment relationship, a demotion, a failure or refusal to hire or promote, denial of an employment benefit or the taking of any adverse or differential employment action because of race, color, religion, age, sex, disability, pregnancy, sexual orientation, national origin, or any other basis prohibited by federal, state or local law occurring on or after the **Retroactive Date** as shown in the Schedule.

This coverage part covers retaliation "**Claims**" based on unlawful "**Discrimination**" occurring on or after the **Retroactive Date** as shown on the Schedule Page, except as excluded in **COVERAGES: 2. Exclusions.**

20
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

4.    "**Employee**" means an individual whose labor or service is engaged by and directed by the Named Insured, or any covered entity. . . .

\*    \*    \*

6.    "**Inappropriate Employment Conduct**" means any of the following occurring on or after the **Retroactive Date** as shown in the Schedule:

\*    \*    \*

    b.    allegations of wrongful demotion, or wrongful discipline;

\*    \*    \*

    d.    allegations of infliction of emotional distress, mental injury, mental anguish, shock, sickness, disease or disability made by an "**Employee**", a former "**Employee**" or an applicant for employment which arise from an insured's employment decision to hire, fire, promote or demote;

    e.    allegations of false imprisonment, detention or malicious prosecution made by an "**Employee**", a former "**Employee**" or an applicant for employment which arise from the insured's an employment decision to hire, fire, promote or demote;

\*    \*    \*

    g.    other personal injury allegations made by an "**Employee**", a former "**Employee**" or an applicant for employment which arise from an **Insured's** employment decision to hire, fire, promote or demote.

"**Inappropriate Employment Conduct**" shall not include any allegations other than those set forth above.

7.    "**Insured Event**" means actual or alleged acts of "**Discrimination**", "**Harassment**", and/or "**Inappropriate Employment Conduct**", by an **Insured** against an "**Employee**" or former "**Employee**" or applicant for employment with an **Insured** entity occurring on or after the **Retroactive Date** as shown in the Schedule. "**Insured Event**" shall not include "**Claims**" for actual or alleged violation of any federal, state or local wage and hour laws or regulations.

\*    \*    \*

II.    <u>**FACTUAL BACKGROUND**</u>

21
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

The claims in this matter arise out of SFH's employment of Skylar Dixon and a motor vehicle accident which occurred on August 31, 2014 after Mr. Dixon's shift ended.  Mr. Dixon alleges in his complaint that he was employed by SFH on August 30, 2014 when his shift began at 4:00 p.m. and ended at 1:00 a.m. on August 31, 2014.  Mr. Dixon alleges he was fifteen (15) years of age at all times relevant to his Complaint.

After Mr. Dixon's shift ended on August 31, 2014, he alleges he was exhausted from working "excessive and late hours."  Mr. Dixon alleges his options for rides home were limited because his shift ended at 1:00 a.m.  As such, Mr. Dixon alleges he obtained a ride home with fellow employee Noah Gillund, who had recently turned sixteen (16) years of age.  However, at approximately 1:15 a.m., Mr. Gillund allegedly ran off the right side of the road, overcorrected, and rolled his vehicle. Mr. Dixon was pinned under the dashboard of the vehicle and ultimately had to have his left leg amputated.  Mr. Dixon also received numerous other injuries including to his clavicular, L2/L2 spinal, acetabular, iliac, knee, rami and rib fractures; a kidney contusion; and tibia and fibula dislocations.

Mr. Dixon filed a workers' compensation.  Mr. Dixon's workers compensation claim was denied because Mr. Dixon's travel home after his shift was deemed "outside the course and scope of employment."

Mr. Dixon alleges his injuries are the result of the "labor practices" of SFH.  Specifically, Mr. Dixon alleges SFH "had a longstanding practice of forcing minor employees to work extended hours without regard to labor laws or the safety and wellbeing of its employees."  Mr. Dixon also alleges that SFH "created maintained a culture where employees understood that a failure to work a designated shift, regardless of its length or time of day, would result in termination."  Mr. Dixon also alleges that employees were not comfortable addressing concerns with SFH and that SFH had "a longstanding practice of registering its minor employees as being past the age of majority."

Mr. Dixon alleges his injuries result from SFH forcing Dixon and Gillund "to work a nine-hour shift ending in the early morning hours."  Mr. Dixon alleges SFH had a duty to not require Dixon to work "more hours than reasonable under the circumstances."  Mr. Dixon alleges SFH breached its duty by requiring Dixon, a fifteen year old, to work for extended late-night hours in violation of Montana's labor laws.  Mr. Dixon alleges SFH should have realized it was dangerous to allow exhausted teenagers to drive and that SFH should have arranged alternative transportation for Dixon.  Mr. Dixon alleges his injuries are the actual and proximate result of SFH's "employment practices."

On August 30, 2017, Mr. Dixon filed his Complaint against SFH alleging: (1) Negligence, (2) Negligence Per Se, and (3) Request for Declaratory Judgment.  On or about April 2, 2018, HUB International Mountain States Liability has provided Hallmark notice of the claims against SFH and indicated the date of loss as August 31, 2014.  Nothing indicates SFH notified Hallmark when Mr. Dixon's workers' compensation claim was made.  On April 20, 2018, SFH answered Mr. Dixon's Complaint and denied Mr. Dixon's injuries were the result of its labor practices.

22
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

III.    <u>ANALYSIS</u>

The analysis below is by no means exhaustive and Hallmark reserves the right to expand upon and add to its analysis should it elect to pursue a judicial determination as to its coverage and defense obligations under the Policy.

Under Montana law, an insurer has a duty to defend when a complaint filed against its insured alleges facts representing a risk covered by the terms of the insurance policy. *Graber v. State Farm Fire & Cas. Co.*, 244 Mont. 265, 270 (1990). Hallmark asserts that the Policy does not provide coverage for the allegations in the Complaint and that it owes no duty to defend or indemnify for the lawsuit. However, Hallmark will agree to participate in the SFH's defense while specifically reserving its rights to seek a judicial determination of any duties owed. *Revelation Industries, Inc. v. St. Paul Fire & Marine, Ins. Co.*, 350 Mont. 184, 194, 206 P.3d 919, 926 (2009). By providing a defense to SFH for the claims asserted in the Complaint, Hallmark does not waive its right to deny indemnity coverage for damages outside the scope of the Policy or for damages excluded by the language of the Policy.

The Policy does not provide coverage for the allegations in the Complaint. The allegations in the Complaint indicate all of Mr. Dixon's injuries arise from SFH's employment of Mr. Dixon in August 2014. The Policy contains an Employment Related Practices Liability Insurance Endorsement ("EPLI"); however, the EPLI coverage, unlike the commercial advantage policy, requires a claim to be "first made or brought during the **Coverage Part Period**" or that SFH report such claim within thirty (30) days after becoming aware of the claim. The Complaint alleges Mr. Dixon filed for workers' compensation—which Montana law requires such claim be brought within one (1) year of the accident, or by no later than August 31, 2015. SFH therefore would have had notice of Mr. Dixon's claim no later than August 31, 2015; however, as indicated above, SFH did not notify Hallmark about the claim until April 2, 2018 when HUB International Mountain States Liability first notified Hallmark of Mr. Dixon's claims against SFH. Thus, SFH failed to make a claim during the **Coverage Part Period.**

Additionally, coverage is further excluded under the EPLI coverage because Mr. Dixon alleges his injuries arise out of a labor law violation and therefore would not qualify as an "**Insured Event**" due to the Wage and Hour Exclusion in the EPLI, which provides that an "**Insured Event**" shall not include "**Claims**" for actual or alleged violation of . . . state or local wage and hour laws." As such, the EPLI coverage does not apply.

The commercial advantage policy provides coverage for "bodily injury", "property damage" or "personal and advertising injury" subject to the terms of the Policy. There are no allegations in the Complaint which would indicate Mr. Dixon is asserting a claim for "personal and advertising injury" damages. Additionally, Mr. Dixon does not appear to assert a claim for "property damage". Mr. Dixon does assert a claim for "bodily injury" and alleges his injuries were the result of SFH's employment-related practices and SFH's disregard for Montana employment law. Mr. Dixon

23
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

alleges SFH "should have foreseen that riding home with a driver with inadequate sleep posed a risk of harm to Dixon."  Complaint, at ¶ 30.  Further, Mr. Dixon alleges SFH created an employment environment wherein he felt uncomfortable expressing his concerns and that SFH forced Mr. Dixon "to work a nine-hour shift ending in the early morning hours."  Complaint, at ¶¶ 20, 24.  As such, it appears Exclusions 1(a), Abuse And Molestation; 1(e), Criminal Acts; 1(m), Employer's Liability; 1(n) Employment-Related Practices; 1(o), Expected Or Intended Injury; and 1(r), Personal And Advertising Injury apply to preclude coverage.

## IV.   HALLMARK'S COVERAGE POSITION

### A.   Coverage Position

Our review of the Complaint strongly indicates that coverage is not afforded by the Policy. However, in the unlikely event that coverage is afforded by the Policy, Hallmark agrees to participate in the SFH's defense **while explicitly reserving its rights with respect to coverage and defense issues**.  Hallmark further reserves its rights with respect to seeking a judicial determination that:

1.      The claims asserted against SFH do not constitute an "occurrence" as defined by the Policy;
2.      The claims asserted against SFH are excluded by the Exclusions 1(a), Abuse And Molestation; 1(e), Criminal Acts; 1(m), Employer's Liability; 1(n) Employment-Related Practices; 1(o), Expected Or Intended Injury; and 1(r), Personal And Advertising Injury;
3.      The claims asserted against SFH do not constitute "personal and advertising injury" or "property damage" as defined by the Policy;
4.      The EPLI coverage is inapplicable as SFH failed to make a claim within the **Coverage Part Period**; and
5.      The claims asserted against SFH do not constitute "a **Claim**" because of an "**Insured Event**" or otherwise do not qualify as an "**Insured Event**" due to the Wage and Hour Exclusion in the EPLI.

### B.   Reservation of Rights

As noted above, the claims asserted against SFH may not give rise to coverage.  Consequently, this presents the potential for liability and exposure for damages to SFH and Hallmark expressly reserves its right to deny coverage under the Policy.  Hallmark also reserves its right to file a declaratory judgment action to determine Hallmark's duties, if any, under the Policy.  For this reason, SFH may elect to hire an attorney of its own choosing, at its own expense, to represent it personally and appear for it in this matter in addition to the defense provided, in part, by Hallmark pursuant to this reservation of rights.

24
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

**Please note that Hallmark specifically reserves all of its rights to seek reimbursement and to recover from SFH all defense costs, expenses, indemnity payments, and/or settlement payments made by Hallmark on behalf of SFH if it is later determined that some or all of the claims asserted against SFH are not covered under the Policy.**

The Policy provisions discussed above are not necessarily exhaustive. There may be other reasons why coverage should be denied or limited. Nothing in this letter is intended to waive or estop either Hallmark or SFH from raising any arguments and/or defense either may have in the future.

**By providing this letter, Hallmark does not waive any Policy provisions or defenses and specifically reserves its rights to assert any additional Policy provisions or defenses or any legal defenses at any time.**

Hallmark's position is based on its understanding of the facts and circumstances as set forth above. If you believe that other facts may alter Hallmark's position, please provide us that information so Hallmark may reconsider its position. Hallmark will continue to fully and fairly analyze and evaluate any additional or different facts or legal analysis that you wish to provide to Hallmark in support of a request for reconsideration.

As a final matter, Hallmark has elected to assign the defense of this matter to Dale Cockrell of Moore, Cockrell, Goicoechea & Johnson, P.C. Mr. Cockrell's contact information is as follows:

Dale R. Cockrell
Moore, Cockrell, Goicoechea & Johnson, P.C.
145 Commons Loop, Suite 200 | Kalispell, MT 59901
P.O. Box 7370 | Kalispell, MT 59904-0370
(406) 751-6003 Direct Line
(406) 756-6522 Facsimile
dcockrell@mcgalaw.com


I appreciate your attention to this matter. Should you have any questions regarding this Reservation of Rights, please do not hesitate to give me a call to discuss.

Very truly yours,

*Travis Warriner*

Claims Analyst
Effective Claims Management, Inc.
Direct: 817.348.1797
twarriner@hallmarkgrp.com

25
Felder & Company LLC, dba Stillwater Fish House
June 7, 2018

cc:        HUB International Mountain States Limited
            Attn:  Vicki Donoho
            6406 Highway 93 S
            Whitefish, MT59937